Here to eat, here to eat, here to eat, this Honorable Appellate Court of the 2nd District is back in session to pursue to adjournment. The Honorable Catherine E. Zina will preside. Thank you. Please be seated. Your Honor, this is the third case of the morning. Call 211-0773, People's State of Illinois v. Villafuerte-Medrano on behalf of the Appellant, Ms. Sherri Silver, on behalf of the people, Mr. Jay Roth. Good morning, Counsel. Ms. Silver? Good morning, Your Honors. Counsel, may it please the Court, my name is Sherri Silver and I represent Mr. Medrano in this appeal. Your Honors, this case hinges on the definition of the criminal conviction under the Illinois Vehicle Code. That's the primary question in this case. And the reason this case hinges on this definition is because this Court's authority to reach the issue, the substantive issue, which is whether the guilty plea was entered in violation of the Double Jeopardy Clause, it depends on whether the bond forfeitures that were entered prior to the guilty plea constitute criminal convictions. If they do, then the Double Jeopardy Clause applies and that this Court can reach the case because the guilty plea is void. Do you have case law to that effect? It's void, not voidable? We are arguing that under MENA, yes, it's void. Now, Dieterman indicates that it might be voidable, but we're in the reply brief. We did kind of discuss the question of how there's a reconciliation between what MENA says and what the Court in Dieterman says. Well, isn't void basically being the lack of subject matter jurisdiction? Subject matter, personal jurisdiction, or lack of authority to enter a judgment. And in this case, it's lack of subject matter jurisdiction, and I think we also put in personal jurisdiction. Well, how could it be lack of subject matter jurisdiction? That's generally when the Court does not have authority to hear the class of cases that comprises the instant case. It would be like somebody filing in the circuit court a worker's compensation claim. Clearly, the circuit court has no original jurisdiction. Here, the Court has the right to hear criminal cases. How is there a lack of subject matter jurisdiction? They can only hear criminal cases that have an offense that has a statutory basis. Here, this conviction was already entered. The conviction on aggravated DOI was entered via the bond forfeiture. That's it. The State has already gotten its conviction. There's no more reason to have subject matter jurisdiction for the trial. I see your point. I don't necessarily agree with it, but I don't think that's the critical point here. We're going to probably reach the merits. I'll give you a hint. Okay. Go ahead. Let me ask you. Thank you. Got that one, David. The vehicle code definition of conviction is used primarily for administrative purposes but is also used in sentencing, correct? For enhancement purposes. Sure. Treated as a conviction for sentencing. Yes. However, you're not arguing that on a bond forfeiture warrant and a JOF entering on the bond forfeiture could result in a sentence to the penitentiary for somebody who's charged, correct? There's nothing that allows for a sentence on that, no. So there is no traditional definition of a conviction or a judgment is not complete until the sentence is imposed, correct? That is true. Except that under the vehicle code, when you look at the criminal convictions, and the court wrote this in Smith, you cited four different provisions of the vehicle code that says the final adjudication of guilty, which would be an adjudication of guilty, can be obtained by either bench trial, jury trial, bond forfeiture, or default. So it is a conviction on the substantive offense. So are you saying that the legislature would have enacted a statutory scheme that would encourage defendants to avoid going to court and getting a bond forfeiture in lieu of answering the charges? Is that the practical effect of a decision that you're asking for? It's not necessarily the practical effect. If a defendant knew that they make a bond the day after they're picked up on some case, like in Mr. Medrano's case, sitting in the middle of an intersection drunk in his car. The day after that, he posts bond. If he was aware that if he skipped out on bond, he would have this conviction entered on his record that could then be used to, in the future, aggravate subsequent offenses, I think that would be an incentive to come back to court, more so than just kissing off some money. Well, what about if it's already a second or third? What about if he's already facing a sentence to the penitentiary? Would you rather lose money, or would you rather go to the penitentiary? Depends on how much money you're talking about. Now, I think the end result would be you would be encouraging defendants to be absent from court and forfeit bail in the case of a repeat offender. And my question is, is the legislature, would they have intended that? I think there is a reason for that intent, yes. And one of the reasons is, the only reason I can actually think of, Your Honor, is that people who drive cars are transient. People are going to drive through Boone County. I don't remember where Mr. Medrano's home address was. It might have been Cook County in Chicago someplace. You drive through Boone County. You're not going to go to your home in Cook County and drive all the way back. You're right. They're going to skip out on your bail. But that's the reason why they made this a conviction instead of just a bond forfeiture like in other cases. You've got a conviction on your record. That's a significant thing on your record. A conviction for what? A bond forfeiture? I'm sorry? A conviction for what? The aggravated DUI. That's what we're arguing. The conviction that is entered when a person skips out on bond in a vehicle code case becomes a conviction on a substantive offense. No, I think the language of the cases that you're referring to treats it as a conviction for purposes of sentencing on a subsequent offense. It is treated as a conviction for sentencing purposes and for administrative purposes by the Secretary of State for the same reasons that you just noted. People skip out. They avoid the consequences. And they cannot avoid the consequences not in that underlying offense. There's no complete judgment in the traditional sense of double jeopardy until you are actually in court, appear in court, are convicted, and sentenced. Otherwise, we wouldn't have trials in absentia. The interests of due process and presumption of innocence would all go out the window if that were the case. Correct? I think we're going to disagree on that. Because what we are arguing is that it is more than just that. It is more than just something that a judge can consider at sentencing later on to aggravate, to enhance some other offense. Because they're using it prior to sentencing to enhance another offense on a future charge. It's also used to extend revocation periods. It's used to impose other administrative sanctions by the Secretary of State. So it's punishment. But yet the underlying offense has not yet been addressed in a courtroom. And that's what we're saying can be addressed when the person is brought back for the sentencing on the bond forfeiture. Because what we're referring it to as is a conviction on, in this case, the aggravated DUI via the bond forfeiture. And that's what the definitions and what the vehicle code implies. It's not just Smith. Smith said that you can use it to enhance. That's absolutely true. But the vehicle code itself says that it can be used as a criminal conviction. And it is. It is referred to that. Interpreting the meaning of the language in the statute, aren't we required to avoid absurd results? Absolutely. Isn't it absurd for a person to escape punishment for a DUI, whether he's got two, three, four prior DUIs, because he skipped out on bail? They're not. They're not. They are not escaping punishment. It is being used against them. Mr. Medrano, unfortunately, is a good example of somebody who repeatedly drives drunk. Administrative sanctions are not punishments under the criminal code. But this is not just an administrative sanction. This is an enhancement. He has this conviction that appears on the Secretary of State's records that is being used to enhance future offenses. It's a potential enhancement. In and of itself, it's nothing. It's a potential enhancement. It's not an automatic enhancement. And in your scenario, then, if he was a first offender and skipped out, what's the increased punishment you're referring to if he never goes back into court? Then we knock on wood that a drunk driver is not on the road. But it isn't. You're saying it's an automatic enhancement. It's not. I don't believe I said automatic, Your Honor, but it is used as an enhancement. It could be used. Correct. And that's up to the prosecutor. Let me ask you this. The criminal code provides that any sentence imposed for violation of bail bond shall be served consecutive to the sentence imposed for the underlying charge. Correct? Under other circumstances, yes. Under the vehicle code, not so much. But under certain circumstances, so if we're talking about other offenses, we're talking about DUIs, the fact that 3210 provides is to be served consecutive to the sentence for the underlying offense, doesn't that militate against the argument that the legislature intended the bail bond conviction to end the proceedings and create double jeopardy? Then... Why would they have that if it's double jeopardy? That's a good question. I don't have an answer for that. We're saying that it does violate double jeopardy, and it would result in this case in particular vacating that guilty plea. Well, that provision would be meaningless, then, in light of your argument, wouldn't it? In other cases. Under the vehicle code, we have these separate provisions that the legislature, in its infinite wisdom, has enacted. And those are what we're supposed to follow for the vehicle code. So bond forfeitures are treated differently in traffic cases and criminal cases. Is that what you're saying? Apparently so. Apparently so, yes. Yes, you were going to ask something. Well, in this idea of avoiding absurd results, and this would clearly be an absurd result, not only would a bond forfeiture obviate the need for a trial and a merits and a sentence to be imposed, but all the other safeguards that are contained within our DUI laws, including a DUI evaluation to determine the dangerousness of the person, the risk to other motorists on the highway, all those would go out the window, correct? No. If your interpretation is correct? No, it does not preclude further prosecution. This allows for, in fact, what is it, 6500 says that a conviction means an unvacated adjudication. The state can come back, they can file a petition like they tried to do in Milwaukee, and they can file a petition to vacate that bond forfeiture and proceed with the prosecution. Then they can have the DUI evaluations. They can do all of the things that you just said. It's not absurd at all. The state has the opportunity to correct the situation. They didn't do it in this case. On a felony, after a JOF is entered, the court loses the judgment of forfeiture. On a felony, the trial court loses jurisdiction after 30 days, correct? Judgment's final. But a 214-01 petition can be filed within two years, and the state has two years to do that. And what if it's beyond two years? Then they ought to look like they were in Milwaukee. And, again, then you have the thing where you have the bond forfeiture, allows the defendant to avoid having to come to court and face the charge on an unlawful charge. But that's not the defendant's problem. That's the state's problem. They have an obligation. If they want to proceed on a prosecution under the aggravated DUI rather than a bond forfeiture, then they can come back and file that petition to vacate the bond forfeiture and move on. Assuming we find the bond forfeiture would be the equivalent of establishing double jumping. Correct. And so we're going round and round, but that's going to be the case. It is a circular argument. It is. I do admit that. If there are no other questions, what we're asking for is that the guilty plea, since it seems that you are going to reach the merits of the issue, we appreciate that, that the guilty plea be vacated and probably two of the adjudications or the forfeitures be vacated as well. Thank you. Thank you. Mr. Hoffman. Good morning, Your Honors. Counsel. May it please the Court, I am Jay Hoffman of the Appellate Prosecutor's Office. It's my pleasure to represent the people of the state of Illinois before this honorable court in this case. First of all, one of the first things the defense counsel said when she got up was that the crux of this case is whether this is a conviction or not. I don't think that's a full analysis of what the real crux of the case is. What we're trying to decide here is whether this bond forfeiture under the vehicle code is a final conviction of the underlying offense for purposes of double jeopardy. That has never been found. In fact, both the trial judge in Gawacki, whose decision admittedly was not looked at by this court, this court just found that the people's 214.01 petition, which was filed like four months after the judgment on the defendants' 214.01 petition, was invalid. And in this court, in this case, the trial judge here, like the trial judge in Gawacki, found that it was not a final conviction for double jeopardy purposes. The only thing that's been found in Harvey, and in Harvey they specifically said it, they said for purposes of enhancing the sentence, it was sufficient. It was a conviction. In Smith, this court, twice or more than that, there were two defendants there, said that under the statutes it was the functional equivalent of a conviction. Now, under traditional sentencing interpretation, bond forfeitures have always been relevant for purposes of sentencing, correct? Relevant? Relevant. Yes. A person's failure to appear in court is always relevant to a sentence, and this is just one more vehicle to use, and in using the term vehicle, treating them as convictions is for sentencing purposes only, correct? Administrative purposes. I would say so, and that's consistent, again, with the findings of both Harvey and this court. At least that's the extent to which the court in Harvey and this court in Smith went, relying upon Harvey. But this is really getting to the merits. Before there, we've made a claim that this court should not even address the merits of this claim because there was no motion to withdraw the guilty plea or motion attacking the sentence in this court, as is necessary under 604D and the Supreme Court's decision in Flowers. We've made an argument it's void. It's void. It can be attacked at any time. It's absolutely not void, and Mena never says that, and this court in Dieterman specifically found that it wasn't void, specifically said that the trial judge was not without authority. Looking at Mena and looking at another case called Stube from the Illinois Supreme Court, Mena has a very short two-page opinion where all they did was say, and please look at that, they don't say anything about, and as a matter of fact, as this court found in Dieterman, they indicated that it was not a void judgment because they said, we are not saying that no one can ever waive a double jeopardy violation. Well, if it's void, you can't waive it. And the Supreme Court said, we are not saying you can never waive it. All they said in Mena, as this court picked up on indeedly, was that a guilty plea, generally a guilty plea waives all non-jurisdictional claims. All they said there was the New York court related on our decision in Tottenham, something like that, but that had to do with the admission of guilt. We don't find that a guilty plea waives a double jeopardy claim. I never claimed that it did. What I'm saying here is 604D precludes this court from looking at the merits. Mena indicates that this is not a void judgment. This court's decision indeedly, flat out said, it is not without authority. It's not a void judgment. And in relying on Mena and Stuve, in which the Supreme Court said that the language this court quoted at 841-42 was that it's not a void judgment whether or not multiple convictions in that case was improper. In that case, the defendant was convicted of possession, I think, of a controlled substance and then with intent to deliver the controlled substance. He pled guilty to them. He came back in later when he had violated his probation and got two to six years and tried to say, oh, well, the underlying judgment is bad because I can't have two. Those are like, it wasn't one act of crime, but there was no separate intent there and you can't do that. The court in the Supreme Court said, well, we disagree, but we're not going there. So in essence, it's your position that by pleading guilty, any double jeopardy claims were waived. Not by pleading guilty. That's what Mena said. What I'm saying is that when you plead guilty, you have to, for the appellate court to look at the issue, you have to follow 604-D and Flowers. You have to bring a post-emotion attacking the guilty plea or attacking the sentence. That was never done here. Stuve, Dieterman, and Mena make it absolutely clear this is not a void judgment. What about the merits of her argument? With regard to the merits, Your Honor, we would agree with some of the questions that this court has brought up, saying it's absolutely absurd to suggest that someone can purposefully avoid coming in on trial and then be only fined instead of being sentenced to, this was a class four, one to three years in prison. And, indeed, it was, I think, four and a half years because it was three times that he didn't show up, which, of course, begs another question. What about the other two bond forfeitures? If the defendant is saying, well, this first bond forfeiture is it, that's it, it's all over, you can't do any more, does that mean that he couldn't forfeit his bond a second time and he couldn't forfeit his bond a third time? Well, counsel argues that we should vacate those other two bond forfeitures. That's essentially what I'm saying is that that would be even more getting away with doing something with absolutely no punishment. Counsel says, well, he's not getting away with absolutely no punishment, he's going to have to pay the fine. But, again, it's a one to three year sentence. Here we've got 18 months that he would be getting away without. It's absolutely absurd when you take the enhancements that this court noted in Smith and we cited some of the language from the legislature that we want people, we want to heighten the sentences for those who are repeat offenders. And in this case, although I don't believe that his offenses were elevated because of priors, I think here the offenses were elevated because he was driving over .08 and driving under the influence while not having a license. But that's not the point. What we're doing here is analyzing the statute and the purpose of the statute. It's absolutely absurd to suggest that the legislature would say, well, someone can forfeit their bond and avoid getting a higher sentence, even down the road, avoid the chance here and the fact that they might down the road get a higher sentence. If the bond forfeiture were to constitute double jeopardy, what about a trial judge saying, I'm not going to issue warrants, but I'm not going to enter into bond forfeiture judgments? Would that take care of the problem? Well, that would then give them a free ride on the bond forfeiture. My point is that there are two violations here, not showing up for court and the underlying violation. And it's absurd to suggest that the legislature and the Supreme Court and the bond forfeiture rules want someone to get away with either. By doing something that's a violation. And that would seem to follow from this provision in 3210 that says any sentence for violation of a bail bond would be served consecutive. That would seem to indicate the legislature specifically did not want the bond forfeiture judgment to end the proceeding on the underlying charge, correct? I agree, Your Honor. I'm sorry that I did not find that, but thank you for finding it. I agree with that analysis. Well, violation of bail bond is a separate offense from the bond forfeiture itself, correct? There's a criminal penalty for violation of bail bond. Somebody who jumps bail is gone for more than 30 days, routinely are prosecuted throughout the state, and they're held. The bond forfeiture is gone, and then they're subsequently prosecuted, which is consecutive to the underlying punishment for the original offense, correct? I would agree, and that's why it's, that's one of the reasons that would be absurd to follow the defendant here once. The defendant's point is that's true generally, but here because we have this language in the vehicle code, it means that that doesn't apply here. My point is, again, that neither Harvin nor this court in Smith held that that was applicable to double jeopardy. Finally, Your Honor, after the 604D forfeiture issue and the merits, finally I've argued that even if this court finds there was a violation of double jeopardy, sort of as Justice Buquette indicated earlier, generally a conviction is not regarded as final until the sentence is entered. Well, here no proper sentence could be entered on the underlying offense because there was no PSI. As I pointed out, the code calls for must have a PSI before you sentence. On a felony case. On a felony case, which this was. This was a class 4 felony. So even if this court finds that it was not forfeited under 604D and Flowers, even if this court finds that it is not absurd and rules for the defendant on the merits, it should either affirm the 18-month sentence or, as I said, if somehow this court feels that there was a taint by the subsequent plea, it should remand for sentencing after a PSI because there was no PSI at the time of the bond forfeitures. If there are no further questions, Your Honor, we would ask this court to affirm the conviction and sentence. Thank you very much. Ms. Silver? Just a couple of things. As to whether or not this court can reach the issue, just very briefly, Mena says that where a state is precluded from bringing an action, where they are prevented from hailing a defendant into court by virtue of the fact that he has been previously convicted of the same offense, that conviction should be treated as a subsequent handling of the case, the guilty plea in this case, should be treated as a void judgment. There was no right to bring that defendant, Mr. Medrano, into the court. He had his conviction. And we go back to the circular argument, whether or not the bond forfeiture actually constitutes a criminal conviction. It is a very circular argument. What about counsel's argument that the conviction is not the judgment, it's just a conviction for purposes of sentencing enhancement, for purposes of the administrative duties of the Secretary of State, and that there's no judgment until the actual sentence on that offense is imposed, and that it's not a void judgment, that by fleeing, the defendant has essentially waived his right to the presumption of innocence and his right to a trial, and that what's there is a conviction, but the judgment's not complete until the sentence is imposed. That seems to be a logical argument that buys into what you're suggesting, but also completes the requirements of the criminal code with respect to sentencing, making sure there's a DUI evaluation and all the interests of the public are satisfied. Defendants, when they make their first appearance, I believe, normally, are advised that they can be tried and sentenced in absentia. This could be one of those cases. If somebody skips out on their bond and a conviction is entered on, in this case, the ag DUI, and a conviction is entered via the bond forfeiture, he can still be sentenced in absentia. Then you would be arguing, then if that were to happen, the argument would be that his right to due process was violated. That's a possibility. He wasn't. Of course, that's the argument that would be made. That's a possibility, but that's not this case. Let's decide that in some other case. We're talking about a lot of hypotheticals here. We are. There are a lot of hypotheticals. Yes, indeed. The other question that came up was whether the judge could not just issue an arrest warrant versus the bond forfeiture. Theoretically, yes, that could be. Just issue an arrest warrant and try and go get them. The problem with vehicle cases is that, like I said before, you've got these transient people who go through counties, and the resources of the county come into play. Are they going to travel all the way to Cook County or to someplace down south to bring somebody back to Boone County for prosecution? And that could be one of the other reasons why the bond forfeitures are treated as a conviction. It saves the county money. In the long run, it saves the county money of having to go through a prosecution. So it does make sense. The legislature did make sense in enacting the different treatment of bond forfeitures in the Vehicle Code. The only other thing I need to say is how many times does a defendant need to be slapped for the same offense? In this case, Madrano came in on May 7th of 06, bonded out on May 8th. His first bond forfeiture was October 25th of 06. He got another bond forfeiture, a judgment, I'm saying, the judgment of conviction. October 25th of 06, March 22nd of 07, September 3rd of 08, and then the guilty plea. All on the same offense. How this cannot be considered a violation of double jeopardy, I can't fathom it. This is clearly, to me, a violation of double jeopardy. And we're asking that the guilty plea be vacated and two of the bond forfeitures. There's no other questions? Thank you very much. Thank you. Thank you, counsel. At this time, the court will take the matter under advisement and render a decision in due course. We stand in recess until the next case. Thank you.